IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **RODNEY MANYON LANE,** | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| **ANTHONY TERRELL,** *et al.*, | : | |
| | : | NO. 7:14-CV-11 (HL) |
| Defendants. | : | |
| | : | **O R D E R** |

Plaintiff Rodney Manyon Lane, an inmate at Dooly State Prison, has filed a motion to proceed *in forma pauperis* ("IFP") on appeal from the judgment entered in this case on August 5, 2015. (ECF No. 48). Plaintiff also moves for the appointment of counsel on appeal. (ECF No. 45).

A court may authorize an appeal of a civil action without prepayment of fees if the prisoner submits an affidavit that includes a statement of all assets and that states the prisoner is unable to pay or give security therefor. *See* 28 U.S.C. § 1915(a)(1). Nevertheless, this Court may deny IFP status if the Court determines the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."). "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court has reviewed Plaintiff's notice of appeal and the remainder of the record, and concludes that Plaintiff fails to raise a non-frivolous issue on appeal. The Court therefore certifies, pursuant to section 1915(a)(3), that Plaintiff's appeal is not taken in good faith.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the $505 immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

Regarding Plaintiff's motion for appointment of counsel, in deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. ***Holt v. Ford***, 682 F.2d 850, 853 (11th Cir. 1989). Based upon the lack of merit in Plaintiff's appeal, his motion for counsel is **DENIED**.

Any further requests to proceed IFP or to have counsel appointed, should be directed to the United States Court of Appeals for the Eleventh Circuit.

**SO ORDERED**, this 9th day of October, 2015.

                                                ***s/ Hugh Lawson***
                                                HUGH LAWSON, SENIOR JUDGE